IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AORTECH INTERNATIONAL PLC, a Scottish corporation,<br><br>Plaintiff,<br><br>v.<br><br>FRANK MAGUIRE, an individual,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTIONS TO COMPEL IDENTIFICATION OF PLAINTIFF'S HEART VALVE TRADE SECRETS (ECF NO. 251) AND POLYMER TRADE SECRETS (ECF NO. 252)** |
| FOLDA, LLC, a California limited liability company, FOLDAX, INC., a Delaware corporation, and KENNETH A. CHARHUT, an individual,<br><br>Defendants. | Case No. 2:14-cv-00171-RJS-EJF<br>(Consolidated Civil No. 2:15-cv-00353-RJS)<br><br>District Judge Robert J. Shelby<br>Magistrate Judge Evelyn J. Furse |

The Court GRANTS Mr. Maguire, Folda, LLC, Foldax, Inc., and Kenneth A. Charhut's (the "Foldax Defendants") Motion re: Plaintiff's Identification of Plaintiff's Heart Valve Trade Secrets (ECF No. 251) and Motion re: Plaintiff's Identification of Plaintiff's Polymer Trade Secrets (ECF No. 252).

Having read the briefing and considered the parties' arguments during a hearing on the matter, the Court finds AorTech's Interrogatory Response to Interrogatory 1 inadequate. AorTech claims that its heart valve trade secrets and its polymer trade secrets are "confidential compilation[s] of information related to the development of its polymers and its heart-valve projects [] treated as trade secrets even where a person could compile aspects of that information with significant effort from various public sources." (AorTech's 2d Suppl. Resps. to Defs.' 1st Set of Interrogs., Reqs. for Produc. of Docs., & Reqs. for Admis. 6, ECF No. 254-2.) Under

1

Utah trade secret law the trier of fact will need to determine the following in deciding whether this compilations qualifies as a trade secret:

> (1) the extent to which the information is known outside of the business; (2) the extent to which it is known by employees and others involved in its business; (3) the extent of measures taken by the business to guard the secrecy of its information; (4) the value of the information to the business and its competitors; (5) the amount of effort or money expended by the business in developing the information; (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

*USA Power, LLC v. PacifiCorp*, 2010 UT 31, ¶ 45, 235 P.3d 749. This particular type of trade secret raises unique problems because the information by itself is not confidential, thus determining what about the compilation is protected requires more of an explanation to make clear the claim and allow the opposing party to conduct meaningful discovery. Thus in this case, where Mr. Maguire may know all of the underlying facts, he may not as easily glean what underlying information AorTech contends is confidential under this type of trade secret claim.

The Interrogatory response provides a general response regarding heart valve trade secrets and polymer trade secrets with reference to huge quantities of documents. This response is too vague to provide the Foldax Defendants with enough specificity to allow them to pursue discovery into the facts that will either support or undermine the trade secret claim. For that reason, the Court ORDERS AorTech to supplement its Response to Interrogatory 1 about heart valve trade secrets and polymer trade secrets within fourteen days.

DATED this 31st day of October, 2016.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge