IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AORTECH INTERNATIONAL PLC, a Scottish corporation,<br><br>Plaintiff,<br><br>v.<br><br>FRANK MAGUIRE, an individual,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL DISCOVERY OF DOCUMENTS AORTECH CLAIMS TO BE PRIVILEGED OR PROTECTED [ECF No. 316]** |
| FOLDA, LLC, a California limited liability company, FOLDAX, INC., a Delaware corporation, and KENNETH A. CHARHUT, an individual,<br><br>Defendants. | Case No. 2:14-cv-00171-RJS-EJF<br>(Consolidated Civil No. 2:15-cv-00353-RJS)<br><br>District Judge Robert J. Shelby<br>Magistrate Judge Evelyn J. Furse |

Having read the submissions on Frank Maguire's Motion To Compel Discovery Of Documents AorTech Claims To Be Privileged Or Protected, the Court ORDERS as follows:

1. AorTech must produce all e-mails on its privilege log that do not constitute attorney-client communications, as acknowledge by AorTech (ECF No. 335 at 13) immediately.

2. AorTech must search Ken Jones' records for communications with AorTech's customers, potential purchasers, and investors responsive to document requests made in this case and produce those documents. Documents possessed by a party's attorney fall under the control of the party except in limited circumstances not apparent here. If AorTech claims such circumstances exist, it must prepare a privilege log for any documents withheld and

1

   the basis for withholding them.  AorTech must do this within twenty-one days of this
   Order.

3. AorTech must modify its privilege log to provide greater detail from which Mr. Maguire may determine whether to challenge the privilege.  The log must specify which privilege or protection AorTech asserts for each document.  Further the subject matter line from the e-mail does not suffice in all cases to disclose sufficient information to assess the privilege.  In cases where the subject matter line in combination with the other information provided including date, sender, and recipient to not make clear the basis for the assertion, AorTech must supplement its disclosure in brackets with the additional information necessary to make clear the assertion.  By way of guidance, a subject line referencing a draft agreement prior to execution of that agreement will suffice.  However, a subject line with no reference or one to a checklist or merely AorTech's name will not suffice.  AorTech must do this within fourteen days of this Order.

4. The Court reminds AorTech that it must search documents in its possession, custody, *or* control for documents responsive to document requests.  Mr. Maguire does not specify under which discovery requests he moves to compel production.  Thus, the Court cannot fashion a more specific order.  The Court notes the likelihood that not all of the document requests limit themselves to Mr. Jones's e-mails with Mr. Maguire.  Hence, the Court finds AorTech's limitation of its search to these documents unreasonable.  AorTech must confirm that it has searched the documents in its possession, custody, or control within fourteen days of this Order.  AorTech must identify any limits to its search in accordance with the Federal Rule of Civil Procedure 34 Advisory Committee Note to the 2015 Amendment.

5. The Court finds Mr. Maguire's meet and confer efforts insufficient. To the extent Mr. Maguire complains about the inadequacy of the search or the privilege log he must make concrete requests for changes and wait for AorTech to respond to those requests, to which it must respond promptly and with specificity.

6. The Court finds no waiver of AorTech's attorney client privilege on this record.

7. The Court does find that Mr. Maguire, but not the other Defendants, has a limited right to view documents that he participated in while acting as CEO of AorTech that are properly subject to AorTech's attorney client privilege. The Court finds the analysis in *In re Braniff, Inc.*, 153 B.R. 941, 946 (Bankr. M.D. Fla. 1993) persuasive. *In re Braniff* applied a modified version of the *Garner v. Wolfingarger,* 430 F.2d 1093, 1104 (5th Cir. 1970), good cause test noting, "the fact that the discovering party was the author or recipient of the communication when it was made is an additional factor for the court to consider, along with the others as described in the *Garner* case, and this factor weighs heavily in favor of the availability of the document." *In re Braniff, Inc.*, 153 B.R. at 946.

8. AorTech must review its withheld documents in light of this Court's holding that it will apply the test set forth in *In re Braniff* to any contested documents. AorTech must produce all documents that fall within that test for production subject to a "For Mr. Maguire's and Attorneys' Eyes Only" designation within fourteen days of this Order. As in *In re Braniff,*

> the court underscores that [AorTech]'s attorney-client privilege and work-product immunity continue with full force and effect notwithstanding the disclosure of a specific document in accordance with this order. As a consequence, all individuals and counsel who receive access are directed to maintain the confidentiality of any document reviewed and to discuss with, or describe the document to, no other person. In the case of counsel, the court's direction shall specifically preclude discussing the document

3

      with any other client unless that client has an independent right of access to the document as its author or as another recipient.

*Id.*

9. Mr. Maguire may move to compel further documents by following the short form discovery order procedure, including motions and oppositions not to exceed 500 words including footnotes, attaching either a highlighted privilege log noting the challenged documents, or a similarly brief but specific description of documents Mr. Maguire contends exist that he believes he is entitled to view.

10. The Court denies the remainder of the Motion.

DATED this 4th day of November, 2016.

                              BY THE COURT:

                              EVELYN J. FURSE
                              United States Magistrate Judge